IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
UNITED STATES OF AMERICA,       )
                                )       4:13-mc-33-SMR
        Plaintiff,              )
                                )
vs.                             )       REPORT, RECOMMENDATION
                                )       AND ORDER FOLLOWING
TERRY C. COLLINS,               )       SHOW CAUSE PROCEEDING
                                )
        Respondent.             )
```

This is an Internal Revenue Service ("IRS") summons enforcement proceeding. On August 15, 2013 plaintiff ("the government") filed a Petition to Enforce Internal Revenue Service Summons [1] to which was attached the summons sought to be enforced and declaration of IRS Revenue Officer Jennifer M. Stone. It was alleged that respondent Terry C. Collins had failed to comply with an IRS summons issued by Ms. Stone and served on Mr. Collins on April 2, 2013. By order entered August 22, 2013 [2] Mr. Collins was ordered to appear at the United States Courthouse in Des Moines on October 24, 2013 to show cause why he should not be compelled to comply with the summons. Following two requests for extension of time to complete service, the Court on October 23, 2013 [6] ordered Mr. Collins to appear for the show cause hearing on December 18, 2013 at 10:00 a.m. The Court further ordered that the government personally serve the October 23 order, the order of August 22, and the petition with its exhibits on Mr. Collins. The matter was subsequently referred to the undersigned for report and recommendation.

At the appointed time on December 18, 2013 the government appeared for the show cause hearing by Assistant U.S. Attorney William Purdy. Appearing with Mr. Purdy was Revenue Officer Stone. Mr. Collins did not appear, nor anyone for him. Neither the government nor the Court received a request for continuance of the show cause hearing from Mr. Collins. On December 17, 2013 the government received a Power of Attorney and Declaration of Representative on IRS Form 2848 apparently signed by Mr. Collins on December 10, 2013 in which Mr. Collins appointed Robert Hill, a CPA in Newport Beach, California, as his attorney-in-fact authorized to represent him before the IRS on income tax matters including the years in question. (Gov't Ex. 1). The form bears a signature, presumably that of Mr. Hill, dated December 15, 2013. Other than Form 2848, the government had no other contact with Mr. Hill.

The Court received testimony from Revenue Agent Stone. On the basis of that testimony the Court finds the Petition, exhibits and orders required to be served on Mr. Collins were served on him in compliance with the order of October 23, 2013.

> Enforcement of a summons under § 7604 is appropriate where the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed."

*United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005)(quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). A prima facie case for enforcement of a summons requires only a "minimal showing of good faith compliance with the summons requirements" which can be shown by the affidavit or declaration of an IRS agent. *Id.* (quoting *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980)).

> The declaration and testimony of Revenue Officer Stone makes the primae facie case for enforcement. The summons seeks documents and testimony from Mr. Collins concerning his assets, liabilities and accounts for the time period April 1, 2012 to March 29, 2013. It is for the legitimate purpose of identifying assets for the collection of unpaid personal tax liabilities. The information sought is relevant to that purpose and according to Ms. Stone's declaration is not already in the possession of the IRS. Ms. Stone states that all of the administrative steps required for the issuance of a summons have been taken. No evidence has been presented, and none appears of record, that any of the prima facie elements have not been satisfied, or that enforcement of the summons would be an abuse of the Court's enforcement powers. *Norwood*, 420 F.3d at 893. Accordingly, the summons should be enforced.

> The undersigned RESPECTFULLY RECOMMENDS that the Court **grant** the Petition to Enforce Internal Revenue Service Summons and

order Mr. Collins to obey the summons by appearing before Revenue Officer Stone or her delegate and give testimony and produce books, papers, records or other data called for by the summons. Mr. Collins should be ordered to comply with the summons at a time and date set by Revenue Officer Stone or her delegate which should not be less than 20 days following approval of this report and recommendation. Mr. Collins should be advised that if he fails to comply with the order enforcing the summons he may be subject to being found in contempt of court. The following orders are entered:

    1.    IT IS ORDERED that the parties have until **January 14, 2014** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

2.   IT IS FURTHER ORDERED that the government shall serve a copy of this report and recommendation on Mr. Collins at his last known address and make a return showing that service has been made. In addition, my chambers has mailed a copy of the report and recommendation to Mr. Collins' last known address at 3350 Rustic Trail, Truro, Iowa, 50257-8038 and to Mr. Robert Hill, 3990 Westerly Place 200, Newport Beach, California, 92660.

IT IS SO ORDERED.

Dated this 20th day of December, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE